IN THE UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT

XPO LOGISTICS FREIGHT, INC.,

Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD,

Respondent.

Case No. 17-1097

## PETITION FOR REVIEW

Pursuant to Rule 15(a) of the Federal Rules of Appellate Procedure, XPO Logistics Freight, Inc., (herein "Petitioner") hereby petitions the United States Court of Appeals for the District of Columbia Circuit for review of an Order of the National Labor Relations Board (herein "Respondent" or "NLRB") in the matter styled XPO Logistics Freight, Inc., and Local Lodge 701, International Association of Machinists & Aerospace Workers, AFL-CIO, NLRB Case No. 13-CA-189647, reported in a Decision and Order at 365 NLRB No. 42, dated March 10, 2017. *See* **Exhibit A** attached hereto. The Corporate Disclosure Statement is attached as **Exhibit B**.

This Court has jurisdiction in this matter pursuant to Section 10(f) of the National Labor Relations Act because the NLRB's Decision and Order is a final

order. 29 U.S.C. §160(f). Petitioner is a party aggrieved by said Decision and Order. Venue in this Court is proper pursuant to 29 U.S.C. §160(f).

The NLRB's Decision and Order against Petitioner is not supported by substantial evidence and is contrary to law. Respondent is not the properly certified representative of the employees in question and Petitioner is not obligated under Section 8(a)(5) of the Act to bargain with a union that has been improperly certified.

WHEREFORE, Petitioner respectfully prays that this Court review and set aside the Decision and Order of the NLRB which found that Petitioner violated Section 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. §158(a)(5) and (1), and receive any further relief to which it may be entitled.

March 20, 2017                                      Respectfully submitted,

**LITTLER MENDELSON, P.C.**

_____
Jonathan E. Kaplan
3725 Champion Hills Drive
Suite 3000
Memphis, TN  38125
Telephone: 901.795.6695
Facsimile: 901.795.1646
Email: jkaplan@littler.com

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing Petition for Review was served via email and Federal Express overnight delivery on March 20, 2017 to the following individuals:

Richard F. Griffin, Jr., General Counsel
Jennifer Abruzzo, Deputy General Counsel
Gary Shinners, Executive Secretary
National Labor Relations Board
1015 Half Street SE
Washington, D.C. 20570-0001
Richard.Griffin@nlrb.gov
Jennifer.Abbruzo@nlrb.gov
Gary.Shinners@nlrb.gov

Peter Sung Ohr, Regional Director
National Labor Relations Board, Region 13
Dirksen Federal Building
219 South Dearborn Street, Suite 808
Chicago, IL 60604-2027
peter.ohr@nlrb.gov

Rick A. Mickschl, Grand Lodge Representative
District 8, International Association of Machinists
& Aerospace Workers AFL-CIO
113 Republic Avenue, Suite 100
Joliet, IL 60435-3279
rmickschl@iamaw.org

Jonathan E. Kaplan

NOTICE: This opinion is subject to formal revision before publication in the bound volumes of NLRB decisions. Readers are requested to notify the Executive Secretary, National Labor Relations Board, Washington, D.C. 20570, of any typographical or other formal errors so that corrections can be included in the bound volumes.

**XPO Logistics Freight, Inc. *and* Local Lodge 701, International Association of Machinists & Aerospace Workers, AFL–CIO.** Case 13–CA–189647

March 10, 2017

DECISION AND ORDER

BY ACTING CHAIRMAN MISCIMARRA AND MEMBERS PEARCE AND MCFERRAN

This is a refusal-to-bargain case in which the Respondent is contesting the Union's certification as bargaining representative in the underlying representation proceeding. Pursuant to a charge filed on December 9, 2016, by Local Lodge 701, International Association of Machinists & Aerospace Workers AFL–CIO (the Union), the General Counsel issued the complaint on December 16, 2016, alleging that XPO Logistics Freight, Inc. (the Respondent) has violated Section 8(a)(5) and (1) of the Act by refusing the Union's request to recognize and bargain with it following the Union's certification in Case 13–RC–177753. (Official notice is taken of the record in the representation proceeding as defined in the Board's Rules and Regulations, Secs. 102.68 and 102.69(d). *Frontier Hotel*, 265 NLRB 343 (1982).) The Respondent filed an answer admitting in part and denying in part the allegations in the complaint, and asserting affirmative defenses.

On December 30, 2016, the General Counsel filed a Motion for Summary Judgment. On January 9, 2017, the Board issued an order transferring the proceeding to the Board and a Notice to Show Cause why the motion should not be granted. The Respondent filed a response.

Ruling on Motion for Summary Judgment

The Respondent admits its refusal to bargain, but contests the validity of the Union's certification of representative based on its objections to the election in the underlying representation proceeding.

All representation issues raised by the Respondent were or could have been litigated in the prior representation proceeding. The Respondent does not offer to adduce at a hearing any newly discovered and previously unavailable evidence, nor does it allege any special circumstances that would require the Board to reexamine the decision made in the representation proceeding. We therefore find that the Respondent has not raised any representation issue that is properly litigable in this unfair labor practice proceeding. See *Pittsburgh Plate Glass Co. v. NLRB*, 313 U.S. 146, 162 (1941).

Accordingly, we grant the Motion for Summary Judgment.[1]

On the entire record, the Board makes the following

FINDINGS OF FACT

I. JURIDICTION

At all material times, the Respondent has been a corporation with an office and place of business in Gary, Indiana (the Respondent's facility), and has been engaged in the business of interstate freight transportation, including to and from the Respondent's facility.

In conducting its operations during the calendar year preceding issuance of the complaint, the Respondent purchased and received goods, products, and materials valued in excess of $50,000 at the Respondent's facility directly from points outside the State of Indiana.

We find that the Respondent is an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act, and that the Union is a labor organization within the meaning of Section 2(5) of the Act.

II. ALLEGED UNFAIR LABOR PRACTICES

*A. The Certification*

At all material times, Jeremy St. Pierre has been a supervisor of the Respondent within the meaning of Section 2(11) of the Act and an agent of the Respondent within the meaning of Section 2(13) of the Act.

Following the representation election held on June 29, 2016, the Union was certified on July 20, 2016, as the exclusive collective-bargaining representative of the employees in the following appropriate unit:

> Included: All full-time and regular part-time mechanics and mechanic/custodians employed by the Employer at its facility currently located at 201 Blaine Street, Gary, Indiana.
>
> Excluded: All customer service representatives, Parts Department employees, managerial employees, office clerical employees and guards, professional employees and supervisors as defined in the Act.

The Union continues to be the exclusive collective-bargaining representative of the unit employees under Section 9(a) of the Act.

*B. Refusal to Bargain*

On August 18, 2016, the Union, by letter, requested that the Respondent meet and bargain collectively with it as the exclusive collective-bargaining representative of the unit. Since about August 18, 2016, the Respondent

---

[1] The Respondent's request that the complaint be dismissed is therefore denied.

365 NLRB No. 42

**Exhibit A**

has failed and refused to recognize and bargain with the Union.

We find that the Respondent's conduct constitutes an unlawful failure and refusal to recognize and bargain with the Union in violation of Section 8(a)(5) and (1) of the Act.

CONCLUSION OF LAW

By failing and refusing since August 18, 2016, to recognize and bargain with the Union as the exclusive collective-bargaining representative of the employees in the appropriate unit, the Respondent has engaged in unfair labor practices affecting commerce within the meaning of Section 8(a)(5) and (1) and Section 2(6) and (7) of the Act.

REMEDY

Having found that the Respondent has violated Section 8(a)(5) and (1) of the Act, we shall order it to cease and desist, to bargain on request with the Union and, if an understanding is reached, to embody the understanding in a signed agreement.

To ensure that the employees are accorded the services of their selected bargaining agent for the period provided by law, we shall construe the initial period of the certification as beginning the date the Respondent begins to bargain in good faith with the Union. *Mar-Jac Poultry Co.*, 136 NLRB 785 (1962); accord *Burnett Construction Co.*, 149 NLRB 1419, 1421 (1964), enfd. 350 F.2d 57 (10th Cir. 1965); *Lamar Hotel*, 140 NLRB 226, 229 (1962), enfd. 328 F.2d 600 (5th Cir. 1964), cert. denied 379 U.S. 817 (1964).

ORDER

The National Labor Relations Board orders that the Respondent, XPO Logistics Freight, Inc., Gary, Indiana, its officers, agents, successors, and assigns, shall

1. Cease and desist from

(a) Failing and refusing to recognize and bargain with Local Lodge 701, International Association of Machinists & Aerospace Workers AFL–CIO, as the exclusive collective-bargaining representative of the employees in the bargaining unit.

(b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) On request, bargain with the Union as the exclusive collective-bargaining representative of the employees in the following appropriate unit on terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement:

Included: All full-time and regular part-time mechanics and mechanic/custodians employed by the Employer at its facility currently located at 201 Blaine Street, Gary, Indiana.

Excluded: All customer service representatives, Parts Department employees, managerial employees, office clerical employees and guards, professional employees and supervisors as defined in the Act.

(b) Within 14 days after service by the Region, post at its facility in Gary, Indiana, copies of the attached notice marked "Appendix."[2] Copies of the notice, on forms provided by the Regional Director for Region 13, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. If the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since August 18, 2016.

(c) Within 21 days after service by the Region, file with the Regional Director for Region 13 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

Dated, Washington, D.C. March 10, 2017

_____
Philip A. Miscimarra,           Acting Chairman

_____
Mark Gaston Pearce,                    Member

_____
Lauren McFerran,                       Member

(SEAL)    NATIONAL LABOR RELATIONS BOARD

---

[2] If this Order is enforced by a judgment of a United States court of appeals, the words in the notice reading "Posted by Order of the National Labor Relations Board" shall read "Posted Pursuant to a Judgment of the United States Court of Appeals Enforcing an Order of the National Labor Relations Board."

**Exhibit A**

## APPENDIX

NOTICE TO EMPLOYEES
POSTED BY ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO

Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities.

WE WILL NOT fail and refuse to recognize and bargain with Local Lodge 701, International Association of Machinists & Aerospace Workers AFL–CIO as the exclusive collective-bargaining representative of our employees in the bargaining unit.
WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights listed above.
WE WILL on request, bargain with the Union and put in writing and sign any agreement reached on terms and conditions of employment for our employees in the following appropriate bargaining unit:

Included: All full-time and regular part-time mechanics and mechanic/custodians employed by us at our facility currently located at 201 Blaine Street, Gary, Indiana.

Excluded: All customer service representatives, Parts Department employees, managerial employees, office clerical employees and guards, professional employees and supervisors as defined in the Act.

**XPO LOGISTICS FREIGHT, INC.**

The Board's decision can be found at www.nlrb.gov/case/13-CA-189647 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor Relations Board, 1015 Half Street, S.E., Washington, D.C. 20570, or by calling (202) 273-1940.



**Exhibit A**

IN THE UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT

XPO LOGISTICS FREIGHT, INC.,

Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD,

Respondent.

Case No. _____

## CORPORATE DISCLOSURE STATEMENT

Petitioner XPO Logistics Freight, Inc. is a wholly owned subsidiary of XPO CNW, Inc. The sole shareholder of XPO CNW, Inc. is the publicly-traded corporation XPO Logistics, Inc. No publicly held company owns 10% or more of the stock of XPO Logistics, Inc.

March 20, 2017

Respectfully submitted,

**LITTLER MENDELSON, P.C.**

_____
Jonathan E. Kaplan
3725 Champion Hills Drive
Suite 3000
Memphis, TN  38125
Telephone: 901.795.6695
Facsimile: 901.795.1646
Email: jkaplan@littler.com

*Attorneys for Petitioner*